In Re: Northstarr Builders LLC

Case no. 24-32419
Ch. 11
Judge: Joel D. Applebaum

Debtor.

_____/

## PROOF OF SERVICE

STATE OF MICHIGAN      )
                       )SS.
COUNTY OF GENESEE      )

THE UNDERSIGNED, being first duly sworn, deposes and says that she is employed at the law firm of Bankruptcy Law Office, and on the 23rd day of December, 2024 She served upon:

**attached court matrix**

a copy of the:

**DEBTOR'S MOTION FOR INTERIM AND FINAL ORDER TO AUTHORIZE THE USE OF CASH COLLATERAL PURSUANT TO SECTION 363 (C) OF THE BANKRUPTCY CODE GRANTING ADEQUATE PROTECTION FOR THE USE THERE OF AND SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001 AS TO USE OF CASH COLLATERAL**

**FIRST DAY MOTION FOR AN ORDER AUTHORIZING DEBTOR TO PAY PRE-PETITION WAGES AND COMPENSATION**

**ORDER SETTING HEARING ON DEBTOR'S MOTION FOR INTERIM USE OF CASH COLLATERAL PURSUANT TO SECTION 363 (c) OF THE BANKRUPTCY CODE AND FIRST DAY MOTION FOR AN ORDER AUTHORIZING DEBTOR TO PAY PRE- PETITION WAGES, COMPENSATION. AND EMPLOYEE BENEFITS**

/s/ Sarah Stefek
Sarah Stefek
george@bklawoffice.com
Bankruptcy Law Office
2425 S. Linden Rd. Ste. C
Flint, MI 48532
810-720-4333

SUBSCRIBED AND SWORN to before me, a Notary Public in and for said county, this 23rd day of December, 2024

/s/ Laurie Otis
Laurie Otis, Notary Public
Genesee County, Michigan
My commission expires: 10/28/29

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:   Northstarr Builders LLC

                                         Case No.   24-32419
                                         Chapter     11
                                         Judge Joel D. Applebaum

         Debtor.

_____/

## ORDER SETTING TELEPHONIC HEARING ON DEBTOR'S MOTION FOR INTERIM USE OF CASH COLLATERAL PURSUANT TO SECTION 363 (c) OF THE BANKRUPTCY CODE AND FIRST DAY MOTION FOR AN ORDER AUTHORIZING DEBTOR TO PAY PRE- PETITION WAGES, COMPENSATION. AND EMPLOYEE BENEFITS

This matter comes before the Court on the Motions of Debtor which the Court is treating as requesting an expedited hearing on (i) the interim use of cash collateral pursuant to Section 363(c) of the Bankruptcy Code and (ii) for payment of pre-petition wages and benefits. The Court finds sufficient cause to hold an *expedited telephonic hearing* on Debtor's use of cash collateral and pre-petition wages and the payment of benefits on an interim basis only,

**NOW, THEREFORE,**

**IT IS ORDERED** that **the Court shall conduct a telephonic hearing** on the Debtor's Motion for the Interim Use of Cash Collateral and Motion Authorizing Debtor to Pay Pre-Petition Wages, Compensation, and Employee Benefits **on December 27, 2024 at 11:00 a.m. (EST).** All parties-in-interest wishing to participate in these hearings should dial into the Court using the following conference number and then place their telephone on mute until the case is called: 202.503.1666, conference ID no. 969 65 490#. **Under no circumstances are telephones to be placed on hold.**

**IT IS FURTHER ORDERED** that a copy of this Order, along with the underlying Motion to Use Cash Collateral and First Day Motion for an Order Authorizing Debtor to Pay Pre-Petition Wages, Compensation, and Employee Benefits and exhibits, shall be served on all secured creditors of record and the entities listed on Debtor's twenty largest unsecured creditors by email or overnight mail within 24 hours after entry of this Order.

**IT IS FURTHER ORDERED** that written objections to the interim use of cash collateral and authorizing Debtor to pay pre-petition wages, compensation, and employee benefits shall be filed no later than December 26, 2024 at 5:00 p.m. (EST). Objections may also be raised orally during the hearing.

**IT IS FURTHER ORDERED** that the Court shall hold a second interim hearing on the Motion to Use Cash Collateral on a date to be set during the December 27, 2024 hearing. At that hearing, the Court will also set a date and time for the Final Hearing on the Motion to Use Cash Collateral.

**Signed on December 23, 2024**

                                         /s/ Joel D. Applebaum
                                         _____
                                         Joel D. Applebaum
                                         United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

In Re: Northstarr Builders, LLC

Case no.   24- 32419
Ch.        11
Judge:     Joel D. Applebaum

Debtor.
_____/

## FIRST DAY MOTION FOR AN ORDER AUTHORIZING DEBTOR TO PAY PRE-PETITION WAGES AND COMPENSATION

Northstarr Builders, LLC ("Debtor"), by its proposed counsel, Bankruptcy Law Office, for its First Day Motion for an Order Authorizing Debtor to Pay Pre Petition Wages, Compensation, and Employee Benefits ("Motion") states:

### REQUEST FOR ENTRY OF ORDER SCHEDULING A HEARING

1.    Debtor requires authorization to pay its pre-petition payroll obligations. Failure to make payroll, would have serious adverse consequences for Debtor's business and would result in irreparable harm to Debtor and Debtor's creditors.

2.    Debtor has attached a proposed order as Exhibit A in compliance with Local Bankruptcy Rule 9013-l(b) (Bankr. E.D. Mich.).

### JURISDICTION

3.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.

4.    This is a core proceeding under 28 U.S.C. § 157(b).

5.    Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND AND DEBTOR'S BUSINESS

6. On 12/23/2024 ("Petition Date"), Debtor commenced a voluntary case

underchapter 11 of title 11 of the United States Code.

7. Debtor continues to operate its business as debtor-in-possession under 11

U.S.C. §§ 1107(a) and 1108.

8. In support of this Motion, Debtor submits the Declaration of Marty Johnson.

## DEBTOR'S WORKFORCE, EMPLOYEE OBLIGATIONS, AND EMPLOYEE BENEFITS

### A.  DEBTOR'S WORKFORCE

9. In the ordinary course of business operations, Debtor directly employs eight

individuals, (collectively, "Employees") who work in different capacities for Debtor, including sales,

book keeping, management, and general labor. No employees have claims for employee obligations

in excess of $13,650 See 11 U.S.C § 507 (a)(4).

10. The Employees' knowledge and understanding of Debtor's operations

and customer relations are essential to the effective restructuring of Debtor's busi-

ness. Without the continued services of the Employees, an effective restructuring

of Debtor would not be possible.

11. If pre-petition wage, compensation, benefit, and reimbursement

amounts are not received by Employees in the ordinary course, they will suffer ex-

treme personal hardship and, in many cases, will be unable to pay their basic liv-

ing expenses. Debtor's failure to timely pay wages and compensation would de-

stroy Employee morale and likely result in work stoppages and sudden and un-

manageable Employee turnover, causing immediate and pervasive damage to

Debtor's on-going business operations and Debtor's ability to reorganize.

## B.    EMPLOYEE OBLIGATIONS

12. In the ordinary course of business, Debtor pays and honors certain amounts to its Employees (collectively, "Employee Obligations") for, among other things, (a) Employees' wages, salaries, and other compensation and (b) federal and state withholding taxes, (c) insurance.

### Payment of Unpaid Compensation.

13. Debtor pays wages and other compensation to its Employees on a weekly and bi-weekly basis. Debtor's aggregate gross payroll for all Employees, including state and federal employment taxes, paid including wages, salaries, and other forms of compensation ("Weekly Wages") averages approximately $8000 per pay period. Debtor requests permission to pay the Unpaid Wages for the 10 days immediately preceding the Petition Date in an amount not to exceed $8000.

### ii. Remitting and/or Paying Appropriate Deductions and withholdings.

14. Debtor additionally requests authorization to withhold any amoun from Employee wages and salaries consistent with Debtor's pre petition business practice, and to remit withheld amounts as required under any court orders, garnishments, and federal, state and local tax requirements associated with the Employee Obligations.

## C.    EMPLOYEE BENEFITS

15. In the ordinary course of business operations, Debtor provides its Employees with no other benefits.

## RELIEF REQUESTED

16.   To continue its business operations for the benefit of all creditors and to minimize the personal hardship to Debtor's employees during this critical time, Debtor seeks entry of an order authorizing the Debtor to:

        a. pay and honor all pre-petition Employee Obligations, including the Unpaid Wages for the 7 days immediately preceding the Petition Date in an amount not to exceed $8000.

        b.  pay all costs and expenses required to be paid under, or incident to, the Employee Benefits to the extent any amounts accrued pre-petition and/or accrued post-petition but relate to the period before the Petition Date.

17.   In order to effectuate the relief requested in this Motion, Debtor further requests that banks, and financial institutions be authorized and directed to receive, process, honor, and pay (to the extent sufficient funds are available in the applicable account(s) all checks presented for payment and fund electronic payments related to the Employee Obligations and Employee Benefits, whether the checks were presented or the funds transfer requests were submitted before or after the Petition Date.

18.   Debtor is not requesting the assumption of any agreement in this Motion and, therefore, nothing contained in this Motion constitutes a request for authority to assume any policy, procedure, or executory contract that may be described or referenced in this Motion.

## Debtor has satisfied Fed. R. Bankr. P. 6003

19.  Bankruptcy Rule 6003 provides that, "to the extent that relief is necessary to avoid immediate and in-eparable harm," a Bankruptcy Court may approve a motion to "pay all or part of a claim that arose before the filing of the petition" within to twenty-one days after the Petition Date. Fed. R Bankr. P. 6003. As described **in** this Motion, authorization to pay the Employee Obligations and Employee Benefits is critical to Debtor's reorgai1ization. Accordingly, the relief requested is necessary to avoid immediate and irreparable harm, and, therefore, Fed. R. Bankr.P. 6003 is satisfied.

## Waiver of Fed. R. Bankr. P 6004(a} and (h}

20.  Debtor requests a waiver of the notice requirements under Fed. R. Bankr. P. 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of prope11y under Fed. R. Bankr. P. 6004(h).

### NOTICE

21.  Notice of this Motion will be given to: (i) the United States Trustee for the Eastern District of Michigan; (ii) all secured creditors; (iii) The Sub Chapter V Trustee and all unsecured creditors.

22.  Debtor has not previously requested the relief sought in this Motion from this or any other court.

WHEREFORE, Debtor respectfully requests that the Court enter an order, substantially in the form attached as **Exhibit A,** granting the relief requested in the Motion and additional relief as is just and equitable.

Respectfully submitted,

Dated: 12/23/2024

/s/ George E. Jacobs
George E. Jacobs (P36888)
2425 S. Linden Rd., Ste. C
Flint, MI 48532
(810) 720-4333
george@bklawoffice.com

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

In Re: Northstarr Builders, LLC

Case no. 24- 32419
Ch.       11
Judge:    Joel D. Applebaum

Debtor.

_____/

## FIRST DAY ORDER AUTHORIZING DEBTOR TO PAY PRE-PETITION WAGES AND COMPENSATION

This matter having come before the Court upon the Debtor's First Day Motion for an Order Authorizing Debtor to Pay Pre-Petition Wages, Compensation, and Employee Benefits ("Motion"); the Court having reviewed the Motion, the Declaration of Marty Johnson in support of the Motion; and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED that:**

1.    The Motion is granted.

2.    Debtor is authorized to pay up to $8000 in Unpaid Wages for the 10 days immediately preceding the Petition Date. No Employee shall be paid in excess of $13,650 as prohibited by 11 U.S.C § 507 (a)(4).

3.    Debtor is authorized to withhold amounts from Employee wages and salaries consistent with Debtor's pre-petition business practice and to remit withheld amounts as required under any court orders, garnishments, and federal, state and local tax requirements associated with the Employee Obligations.

4.     This Court retains jurisdiction over any and all disputes arising or otherwise relating to the construction, performance, and enforcement of the terms of this Order.

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

In Re: Northstarr Builders, LLC

Case no.   24- 32419
Ch.        11
Judge:     Joel D. Applebaum

Debtor.
_____/

## DECLARATION OF MARTY JOHNSON

1. That he is the majority shareholder of Northstarr Builders, LLC.

2. That he works at the Debtor full time and is responsible for the day to day operation of the Debtor.

3. That his duties include all aspects of operating the business including the schedules of the employees, over sees the work activities of employees and the direction of payment of employees wages and benefits.

4. That the Debtor could not operate without its employees and the retention of liens to the continued operation of the Debtor

/s/ Marty Johnson
Marty Johnson , majority shareholder

Respectfully submitted,

Dated:   12/23/2024

/s/ George E. Jacobs
George E. Jacobs (P36888)
2425 S. Linden Rd., Ste. C
Flint, MI 48532
(810) 720-4333
george@bklawoffice.com

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

In Re: Northstarr Builders, LLC

Case no.  24-32419
Ch.      11
Judge:   Joel D. Applebaum

Debtor.

_____/

## COVER SHEET FOR MOTION FOR ENTRY PERMITTING USE OF CASH COLLATERAL AND AUTHORIZING ADEQUATE PROTECTION

The debtor has filed a motion to use cash collateral, which is attached to this Cover Sheet. In accordance with LBR 4001-2(b) (E.D.M.), the debtor has identified below, by page and paragraph number, the location in the proposed order accompanying the motion of each of the following provisions:

| Provision | Contained in Proposed Order | Location in Proposed Order |
|---|---|---|
| (1) Provisions that grant liens on the estate's claims and causes of action arising under Chapter 5 of the Code. | X    No | Page    , |
| (2) Provisions that grant cross-collateralization protection to the prepetition secured creditor (i.e., clauses that secure prepetition debt with categories of collateral that were not covered by the secured party's lien prepetition) other than liens granted solely as adequate protection against diminution in value of a prepetition creditor's collateral. | X    No | Page    , |

| | | |
|---|---|---|
| (3) Provisions that establish a procedure or conditions for relief from the automatic stay. | __X__ No | Page |
| (4) Provisions regarding the validity or perfection of a secured creditor's prepetition liens or that release claims against a secured creditor. | X NO | Page |
| (5) Provisions that pnme any lien without that lienholder's consent. | __X__ No | Page |
| (6) Provisions that relate to a sale of substantially all of the debtor's assets. | __X__ No | Page |
| (7) Provisions for the payment of professional fees of the debtor or any committees, including any carve-outs for such payments. | __X__ No | **Page** |
| (8) Provisions for the payment of prepetition debt. | __X__ NO | Page |
| (9) Provisions that waive the debtor's exclusive right to file or solicit acceptances of a plan during the time periods specified in 11 U.S.C. § 1121. | __X__ No | Page |
| (10) Provisions that require the debtor's plan to be on terms acceptable to the secured creditor. | __X__ No | Page |
| (11) Provisions that require or prohibit specific terms in the debtor's plan. | __X__ No | Page |

| | | |
|---|---|---|
| (12) Provisions establishing that proposing a plan inconsistent with the order constitutes a default. | **X**  No | Page |
| (13) Provisions that waive surcharge under 11 U.S.C. § 506(c). | **X**  No | Page |
| (14) Provisions that address the rights and obligations of guarantors or co-obligors. | X  **YES** | Page |
| (15) Provisions that prohibit the debtor from seeking approval to use cash collateral without the secured creditor's consent. | **X**  No | Page |
| (16) Provisions that purport to bind a subsequent trustee. | **X**  No | Page |
| (17) Provisions that obligate the debtor to pay any of a secured creditor's professional fees. | **X**  No | Page |

Respectfully submitted,

BANKRUPTCY LAW OFFICE

Dated: 12/23/24

/s/   George E. Jacobs
George E. Jacobs (P36888)
2425 S. Linden Rd., Ste. C
Flint, MI 48532
(810) 720-4333
george@bklawoffice.com

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

In Re: Northstarr Builders, LLC

Case no.   24-32419
Ch.        11
Judge:     Joel D. Applebaum

Debtor.

_____/

## DEBTOR'S MOTION FOR INTERIM AND FINAL ORDER TO AUTHORIZE THE USE OF CASH COLLATERAL PURSUANT TO SECTION 363 (C) OF THE BANKRUPTCY CODE GRANTING ADEQUATE PROTECTION FOR THE USE THERE OF AND SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001 AS TO USE OF CASH COLLATERAL

The above-captioned Debtor and Debtor in possession (collectively, the Debtor) by and through its undersigned proposed attorney hereby file this Motion for Interim and Final Order Authorizing Use of Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code Granting Adequate Protection for the use thereof and Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 as to Use of Cash Collateral (the "Motion) and in suppo11 hereof, respectfully states as follows:

I.
### JURISDICTION AND VENUE

This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the reliefrequested in this Motion are Bankruptcy Code §§ 105,361,362 and 363 and Bankruptcy Rules 2002, 4001, and 9014.

II.

### BACKGROUND

1.    On 12/23/2024 ("the Petition Date"), the Debtor filed voluntary petition for relief (the "Bankruptcy Case") under chapter 11, title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy

Court for the Eastern District of Michigan (the "Court "). The Debtor continues to operate and manage its business as Debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.   The Debtor operates a small construction business doing mostly remodeling.  It employs 10 people and has been operating since 2019 in the Genesee County Michigan area. It's majority shareholder is Marty Johnson. The filing of the bankruptcy came as the result of the Debtor's failure to cash flow having to borrow money from under bidding jobs, lost revenue due to unpaid jobs, merchant cash advance creditor debt service borrowed to cover unexpected expenses which debts Debtor could service.

3. SBA holds a first lien on the Cash Collateral assets of the Debtor to secure its loan of $384,506. The value of the assets to secure the loan have an estimated value of $40,750.

 This creditor is therefore undersecured.

4. Lendr holds a second lien on the Cash Collateral assets of the Debtor to secure its loan of $60,000.   This loan is fully unsecured as the assets of the Debtor which secure this loan do not exceed the debt owed to the SBA which holds the first lien.

IV.
**RELIEF REQUESTED**

5.    Pursuant to Bankruptcy Rule 4001(b), the following summarizes the material terms of the Interim Order.  The Debtors seek authority to use the Cash Collateral (as defined below). The Debtor seeks to use such Cash Collateral as working capital in the operation of its business for the purposes specified in, and at least for the period defined in the attached budget. As adequate protection for the diminution value of Cash Collateral, the Debtor will maintain the value of its business as a going concern, and provide replacement liens upon now owned and after-acquired cash to the extent of any diminution of value of Cash Collateral for both creditors with liens on Cash Collateral.

6.    By this Motion, pursuant to Bankruptcy Code§§ 105,361,362, and 363 and Bankruptcy Rules 2002, 400 I, and 9014, the Debtor requests that the Court enter an order approving the Debtor's use of Cash Collateral, providing adequate protection for, and to the extent of, any diminution in the value of Cash Collateral, and scheduling a final hearing (the "Final Hearing") for this Court to consider entry of a final order (the "Final Order") authorizing and approving the relief requested in this Motion.

V.
## APPLICABLE AUTHORITY

7.    Under 11 U.S.C. § 363 (c)(2), a Debtor may use cash collateral if each entity that has an interest in such cash collateral consents or the Court, after notice and a hearing authorizes the use of cash collateral. Cash collateral is defined as, "Cash negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest". 11 U.S.C. § 363(a). Pursuant to 11 U.S.C. § 363 (c)(3), the Comt must condition a Debtor's use of cash collateral as is necessary to provide adequate as is necessary to provide adequate protection of the interest in the cash collateral claimed by a party.

8.   Bankruptcy Rule 4001(b) and (d) governs the procedure for consideration of motions to use cash collateral, and both of these subsections provide for expedited consideration of such motions for cases in which immediate interim relief may be crucial to the success of a reorganization.

9.   At a hearing on Debtor's motion for the use of cash collateral, the Debtor bears the burden of proof on the issue of adequate protection, and the party, claiming an interest in the cash collateral bears the burden of proof on the issue of the validity, priority, or extent of the lien. 11 U.S.C. § 363 (p) (2) ("In a hearing under[§ 363), the entity asserting an interest in property has the burden of proof on the issue of the validity, priority, or extend of such interest".)

A. **Failure to Obtain the Immediate Interim Use of Cash Collateral Would Cause Immediate and Irreparable Harm.**

10.    As set forth in the Declaration of Marty Johnson in Support of the Debtor's Chapter 11 Petitions and First Day Motions the Debtor's inability to access cash pre-petition could force the Debtor to cease operations assets. Accordingly, the Debtor faces "immediate and irreparable harm to the estate" absent the consideration of the relief requested in this motion. The immediate use is necessary, and it will stabilize the Debtor's operations and revenue by allowing the Debtor to maintain minimal staffing levels sufficient to operate the Debtor's business. Without authority to use Cash Collateral, the Debtor will not be able to function as a going concern and will not be able to proceed to consideration of a plan of reorganization. The Debtor posses substantial assets which could be lost entirely if the Debtor is unable to resume operations. Accordingly, authority to use Cash Collateral is necessary to avoid the shutdown of the Debtor's business, and will be in the best interest of the Debtor, its estates and its creditors.

B. **The Proposed Adequate Protection**

11.    The Debtor intends to provide adequate protection, to the extent of the aggregate diminution in value of Cash Collateral from and after the Petition Date, to Lenders for the use of the Cash Collateral by:

        a.      Maintaining the going concern value of the Debtor's business by using the Cash collateral to continue to operate the business and administer this Chapter 11 Case; and

        b.      Providing to SBA & Lendr post petition replacement liens pursuant to 11 U.S.C. § 363 (p) (2) in the accounts receivable of the Debtor, including cash generated or received by Debtor subsequent to the Petition Date, but only to the extent that they shall be the same as existed as of the Petition Date.

12.    The Debtor believes that the SBA and Lendr are adequately protected for the use of the cash collateral in that the orderly operation of the Debtor's business generates sufficient revenues to protect any diminution in value of the cash collateral. Indeed, the continuation of the Debtor's operations presents the best opportunity for the SBA and Lendr to receive the greatest recovery on account of their claims. Accordingly, the Debtor submits that use of cash collateral will allow the Debtor to continue its operations and thereby protect the interests of the SBA and Lendr.

13.    Courts have consistently recognized that the preservation of the going concern value of secured creditors collateral constitutes adequate protection of such creditors interests the collateral. *See, e.g., In re Pursuit Athletic Footwea,; Inc.,* 193 B.R. 713, 716 (Bankr D. Del. 1996) (holding that if there is no actual diminution of value of collateral, and the Debtor can operate profitably post petition, then the secured creditor is adequately protected); *In re 499 W Warren St. Assoc., Ltd P ship,* 142 B.R. 53, 56 (Bankr. N.D.N.Y. 1992) (finding a secured creditor's interest in collateral adequately protected when cash collateral was applied to normal operating and maintenance expenditures on the collateral property); *Inre Willowood E. Apartments of Indianapolis II, Ltd.,* 114 B.R, 138,143 (Bankr. S.D. Ohio 1990) (same); *In re Stein,* 19 B.R. 458,460 (Bankr. E.D. Pa. 1982) (creditors' secured position would be enhanced by the continued operation of the Debtor's business); *In re Aqua Assocs.,* 124 B.R. 192, 196 (Bankr. E.D. Pa 199 l) ("The important question, in determining whether the protection to a creditor's secured interest is adequate, is whether that interest, whatever it is is being unjustifiably jeopardized." (citation omitted).

## V.
## REQUEST FOR INTERIM RELIEF

14.    An immediate need exits for the Debtor to obtain approval of the use of cash collateral in order to meet key expenses as described above and as identified in the Budget attached as Exhibit "B". This amount totals $35,200 for the 6 week period for 12/23/24 to 2/6/2025.

Without the immediate use of the cash collateral for an interim period, the Debtors will **not** be able to resume operations and risks the loss of significant assets. Clearly this would have a severe negative impact upon the Debtor's going concern value and ability to successfully create value for all creditors. The Debtor's business, as a going concern, has a value far in access of any value that might be obtained in a chapter 7 liquidation.

## VI.
## REQUEST FOR FINAL HEARING

15. Pursuant to Bankruptcy Rules 4001(b)(2) and 400l(c)(2), the Debtor also requests that the Court set a date for a final hearing as soon as practicable and fix the time and date prior to the Final Hearing for parties to file objections to this Motion.

16.  Notice of this Motion will be provided by email, when available, or by traditional mail to: the Office of the United States Trustee for the Eastern District of Michigan to the Debtor's secured creditors the parties listed on the Debtor's master service list and the Sub Chapter V Trustee. The Debtor submits that in light of the nature of the relief requested, no other or further notice need be given.

## VIII.

WHEREFORE, the Debtor requests that this Court enter an order, in substantially the form filed herewith, granting relief requested in this Motion, and such other and further relief as may be just and proper under the circumstances.

Respectfully submitted,

**BANKRUPTCY LAW** OFFICE

Dated:    12/23/2024

/s/ George E. Jacobs
George E. Jacobs (P36888)
Attorney for Debtor
2425 S. Linden Rd., Ste. C
Flint, MI 48532
(810) 720-4333
george@bklawoffice.com

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

In Re: Northstarr Builders, LLC

Case no.  24-32419
Ch.      11
Judge:   Joel D. Applebaum

Debtor.

_____/

### ORDER GRANTING DEBTOR'S AUTHORIZATION FOR DEBTOR'S INTERIM USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION TO SMALL BUSINESS ADMINISTRATION

This matter came before the Court upon Debtor's Motion for Interim Order Authorizing Debtor's use of Cash Collateral filed on December 23, 2024.

The Court has reviewed the Motion, and other pertinent pleadings, and has considered the statements made at the initial hearing. The Court is sufficiently advised in the premises.

     c.      On 12/23/2024. ("Petition Date"), the Debtor filed for relief under Chapter 11, Subchapter V of the United States Bankruptcy Code (the "Bankruptcy Code").

     d.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

     e.      The Court's consideration of this Motion constitutes a core proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A), (K) and (M).

     f.      The procedures set forth in this Order constitute sufficient "notice and hearing" under Section 102 and 363(c) of the Bankruptcy Code, Bankruptcy Rule 2002, 4001, 6004 and 9006. This Order is being entered solely on an interim basis pursuant to Bankruptcy Rule 4001, and is expressly subject to the rights of parties in interest to object as specifically provided in paragraph below.

g.   Debtor requires funds to pay expenses in connection with maintaining operations, including satisfying taxes, payroll, and paying utilities. Failure to pay these and similar critical expenses would cause Debtor immediate and irreparable harm by disrupting Debtor's ability to maintain operations, effectively shutting down Debtor.

h.   Debtor does not have sufficient unencumbered funds to meet these expenses. Accordingly Debtor requires authorization to use cash collateral to avoid immediate and irreparable harm. The amount of cash Debtor proposes to use before entry of a final order granting the Motion (including adequate protection payments as authorized under this Order) is $35,200.

i.   The Debtor has the following pre-petition indebtedness with the following creditors with an interest in Cash Collateral:

1.   SBA          $384,506

2.   Lendr         $60,000

NOW, THEREFORE, IT IS HEREBY ORDERED that the Debtor is authorized to use cash collateral, but only under the terms and conditions set forth in this Order.

1.   SBA and Lendr (hereinafter "Secured Creditors") shall receive replacement liens in the Debtor's post petition assets to the same extent and with the same priority they had by virtue of the pre-petition perfected security interests as of the petition date but only as to the amount of diminution in value of their interests.

2.   Debtor's permission to use cash collateral shall terminate upon the occurrence of any of the following: (a) Debtor's failure to abide by any of the terms and conditions contained in this Order, any Debtor-in Possession order, or any other order of this Court; (b) an order being entered dismissing this case or converting this case to a case under Chapter 7 of the

Bankruptcy Code, appointing Trustee to perform any duties of the Debtor, or terminating the authority of the Debtor to conduct business; or (c) Debtor's cessation of operations for any reason.

3. As adequate protection of the interests of the Secured Creditors under§§ 361,362, and 363(e) of the Bankruptcy Code, and to secure the payment of the indebtedness, the secured creditors are hereby granted security interests and replacement liens to the extent of the Secured Creditors were secured as of the petition date, upon the following property of the Debtor: all assets of the Debtor including, but not limited to, all accounts that the Debtor maintains, accounts receivable, notes (and all collateral security therefor), general intangibles (including, but not limited to, any insurance proceeds), chooses in action, instruments, documents, chattel paper, goods, inventory, fixtures, equipment, chattels, machinery and furniture, and the products and proceeds of all of the foregoing, arising, created or acquired. subsequent to the filing of the Chapter 11 Petition provided, however, that any causes of action brought under Chapter 5 of the Code and recoveries there from (collectively, "Chapter 5 Causes of Action") shall be excluded from the collateral of the Secured Creditors. The security interests and liens granted by this paragraph shall constitute perfected liens and security interests in favor of the secured creditors on all personal property of the Debtor except Chapter 5 causes of action.

4.  In addition to and separate from the replacement liens, the Secured Creditors liens on the collateral pursuant to the security agreements will extend to post petition collateral and the products, profits and proceeds thereof under §552 (b). The Secured Creditors will be entitled to all of the rights and benefits of §552 (b) and the "equities of the case" exception in §552 (b) will not apply with respect to the proceeds, products or profits of any of the collateral.

5.  The Debtor shall duly pay as the same shall become due and payable all post-petition taxes, assessments and governmental and other charges, which if unpaid, might become a lien or charge upon the collateral, assets, earnings or business of the Debtor, as the case may be. The Debtor shall also pay when due, all administrative taxes, including any and all federal and state withholding taxes and personal property taxes. Further, the Debtor shall file all monthly operating reports.

6.  Upon the occurrence of a material event of default by Debtor of any duty as described above and after seven (7) calendar days' written notice given by to Debtor, Debtor's attorney, the U.S. Trustee, and the Subchapter V Trustee and unless the default has been cured during such seven-day period, SBA can file a motion on 7 days notice to lift the automatic stay.

7. Except as otherwise set forth in this Order: the Debtor acknowledges and agrees that the pre-petition indebtedness of constitutes valid and binding indebtedness of the Debtor. All of the cash generated constitutes cash collateral as defined in §363(a) of the Bankruptcy Code, and (b) the Debtor further acknowledges and agrees that . has a valid and perfected security interest in and liens on all of the Debtor's pre-petition collateral, with priority over all other security interests in and liens on the pre-petition collateral. The Debtor formerly acknowledges that the security interests and liens are not subject to avoidance. Any party can challenge the validity and priority of the security interests by filing an objection in accordance with paragraph 17.

8. No delay on the part of the secured creditors in exercising any right, power or privilege hereunder shall operate as a waiver thereof nor shall any single or partial exercise of any right, power or privilege hereunder preclude other or further exercise thereof or the exercise of any other right, power or privilege. The rights and remedies hereunder specified are cumulative and not exclusive of any rights or remedies which the secured creditors may otherwise have.

9. Nothing contained herein shall: (a) bar SBA from (i) asserting rights to default rate of interest, (ii) contesting any collateral valuation by the Debtor, or (iii) challenging the adequacy of any adequate protection provided in this Order; or (b) serve to compromise any rights of the SBA. Under the Bankruptcy Code, its financing

documents, this Order, or pursuant to applicable federal or state law. Likewise, nothing in this Order shall serve to prejudice any of Debtor's rights and arguments with respect to subsection a) of this paragraph, or compromise or prejudice any other rights and interests of Debtor except as explicitly set forth in this Order.

10. In the event that this Order or any authorization contained herein is reversed or modified on appeal with respect to priorities, liens, and security interests granted under this Order, it shall not limit or affect the rights of SBA and Lendr arising from the payment of cash collateral in reliance upon this Order.

11. SBA shall not waive, and hereby expressly reserves, any and all claims, defenses, rights and remedies they may have pursuant to any or all of its financing documents, the Bankruptcy Code and/or other applicable law against the Debtor and any officer, director, employee, agent or other representative thereof. In addition, the rights, claims, liens, security interests and priorities of arising under this Order are in addition to and are not intended as a waiver or substitution for the rights, indebtedness, claims, liens, security interests and priorities granted by the Debtor in its pre-petition capacity.

12. If this Order becomes a final order the provisions of this Order shall be binding upon the Debtor and its successors and assigns, and, except as otherwise set forth in this Order, the pre-petition indebtedness of SBA constitutes an allowed claim in accordance with §506(a) of the Bankruptcy Code for all purposes in this Case, and (ii) the liens and security interests in the collateral shall be deemed to be valid, legal, binding, perfected, not subject to avoidance or subordination and not subject to any other further challenge by any party in interest, seeking to exercise the rights of the Debtor's estate.

13. If any of the provisions of this Order are hereafter modified, vacated or stayed by subsequent order of this or any other Court, such stay, modification or vacatur shall not affect the validity and enforceability of any lien, priority, right, privilege or benefit authorized hereby with respect to the pre-petition indebtedness, including without limitation, the replacement liens.

14. Notwithstanding any provision contained herein, this Order shall not be binding on any future trustee (Chapter 7 or 11). To avoid immediate and irreparable harm to the Debtor pending a final hearing on the Motion, the Debtor may use cash collateral in the maximum amount of $46,200 only until 2/6/2025.

15. Debtor shall, within twenty-four (24) hours following the entry of this Order, serve copies of this Order on each of the Debtor's Unsecured Creditors, all the Secured Creditors, the SubChapter V Trustee,

the United States Trustee's Office, and all other parties who are required to be served under F.R.Bankr.P.2002 and 4004.

16. This Order hereby incorporates by reference the attachment regarding the 6 week budget attached to the original motion for use of cash collateral.

17. All parties seeking to object to this Order must file a written objection within fourteen (14) days after the entry of this Order. A hearing on the Motion will be held before the Honorable, Joel D. Applebaum, United States Bankruptcy Judge, Courtroom, 226 W. Second St, Flint, MI 48502, on _____ 2024 at _____p.m. ET. If objections are filed the hearing will be held in person with the exception that if any objector and their counsel reside out of state, they may appear by telephone. Parties should call 1-202-503-1666 and use Access Code 96965490# at least five minutes before the scheduled hearing time and should place their phones on mute and wait **until** their case is called before unmuting their phones and participating.

UNDER NO CIRCUMSTANCES SHOULD ANY TELEPHONE BE PLACED ON HOLD. If no timely objection is filed then, after the final hearing on the Motion, this Order shall become final order and Debtor is thereafter authorized to use cash collateral for those expenses referenced in the cash flow projection as well as any other expenses necessary for operating the business in the ordinary course going forward until further order of the Court.

**Exhibit "A"**

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

In Re: Northstarr Builders, LLC

Case no.   24-32419
Ch.          11
Judge:     Joel D. Applebaum

Debtor.

_____/

### NORTHSTARR BUILDERS, LLC  SCHEDULE  OF INCOME
### & NECESSARY EXPENSES TO AVOID IRREPARABLE HARM
### ON A WEEKLY BASIS FROM 12/23/24-12/29/24

**EXPECTED  INCOME**                    $5000

**EXPENSES**

| | |
|---|---|
| Materials | $1250 |
| Fuel | $250 |
| Wages | $3000 |
| Total Expenses | $4500 |
| Net Income | $500 |

In Re: Northstarr Builders, LLC

Case no. 24-32419
Ch. 11
Judge: Joel D. Applebaum

    Debtor.

_____/

## NORTHSTARR BUILDERS, LLC SCHEDULE OF INCOME & NECESSARY EXPENSES TO AVOID IRREPARABLE HARM ON A WEEKLY BASIS FROM 12/30/24-1/5/25

| | |
|---|---|
| **EXPECTED INCOME** | $5000 |
| | |
| **EXPENSES** | |
| **Materials** | $1250 |
| **Fuel** | $250 |
| **Wages** | $3000 |
| **TOTAL EXPENSES** | $4500 |
| **Net Income** | $500 |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION**

In Re:  Northstarr Builders, LLC

Case no.   24-32419
Ch.        11
Judge:     Joel D. Applebaum

Debtor.
_____/

## NORTHSTARR BUILDERS, LLC  SCHEDULE  OF INCOME & NECESSARY  EXPENSES TO AVOID IRREPARABLE HARM ON A WEEKLY  BASIS  FROM 1/6/2025-1/12/25

**EXPECTED  INCOME**                        $6000

**EXPENSES**

| | |
|---|---|
| Materials | $1450 |
| Fuel | $250 |
| Wages | $3000 |
| Insurance | $700 |
| **TOTAL EXPENSES** | $5400 |
| **Net Income** | $600 |

In Re: Northstarr Builders, LLC

Case no.   24-32419
Ch.       11
Judge:    Joel D. Applebaum

Debtor.

_____/

## NORTHSTAR BUILDERS, LLC SCHEDULE OF INCOME & NECESSARY EXPENSES TO AVOID IRREPARABLE HARM ON A WEEKLY BASIS FROM 1/13/25-1/19/2025

**EXPECTED INCOME**                    $7500

**EXPENSES**

Materials                              $1500
Fuel                                   $300
Wages                                  $4000
Total Expenses
                                       $5800
Net Income                             $1700

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

In Re: Northstarr Builders, LLC

Case no.   24-32419
Ch.          11
Judge:     Joel D. Applebaum

Debtor.
_____/

**NORTHSTARR BUILDERS, LLC SCHEDULE  OF  INCOME
& NECESSARY  EXPENSES TO AVOID IRREPARABLE  HARM ON
A  WEEKLY  BASIS  FROM 1/20/25-1/26/25**

| | |
|---|---|
| **EXPECTED  INCOME** | $2000 |
| | |
| **EXPENSES** | |
| Materials | $1750 |
| Fuel | $400 |
| Wages | $4000 |
| Insurance | $700 |
| **TOTAL EXPENSES** | $6850 |
| Net Expenses | $1250 |

In Re:  Northstarr Builders, LLC

Case no.  24-32419
Ch.         11
Judge:     Joel D. Applebaum

Debtor.

_____/

## NORTHSTARR BUILDERS, LLC  SCHEDULE  OF INCOME & NECESSARY EXPENSES TO AVOID IRREPARABLE HARM ON A WEEKLY BASIS FROM 1/27/25-2/2/2025

| | |
|---|---|
| **EXPECTED INCOME** | $9000 |
| | |
| **EXPENSES** | |
| **Materials** | |
| | $1750 |
| **Fuel** | $400 |
| **Wages** | $4000 |
| **Taxes** | $2000 |
| **Total Expenses** | $8150 |
| **Net** | $950 |

In Re: Northstarr Builders, LLC

Case no. 24-32419
Ch.      11
Judge:   Joel D. Applebaum

Debtor.

_____/

## AFFIDAVIT OF MARTY JOHNSON

1.   That he is the Chief Officer and 100% owner of Northstarr Builders, LLC

2.   That in that capacity he directly responsible for the day to day operations of the LLC.

3.   That at the request of counsel he reviewed the financial records of the Debtor and advises:

   a. That the weekly tally of income and expenses attached to the Motion as Exhibit "B" are an accurate reflection of the income expected to be received and those expenses that must be paid to pay his employees, pay his utilities, pay his taxes, and purchase goods necessary to continue operating.

   b. That without the use of cash collateral he will not be able to operate and will not be able to keep his doors open.

Dated:   12-23-24

/ s / Marty Johnson
Marty Johnson

Subscribed and sworn to be-
fore me, a Notary Public
on this 23rd day of December, 2024

/s /  Laurie Otis
   Laurie Otis, Notary Public Genesee County,
   Michigan Acting in Genesee County
   My Commission Expires: 10/28/2029

respectfully submitted,

<u>/s/ George E. Jacobs</u>
 George E. Jacobs (P36888)
 2425 S. Linden Rd., Ste. C
Flint, MI 48532
(810) 720-4333
george@bklawoffice.com

Label Matrix for local noticing
0645-4
Case 24-32419-jda
Eastern District of Michigan
Flint
Mon Dec 23 16:43:12 EST 2024

AG Adjustments
740 Walt Whitman Rd.,
Melville, NY 11747-2212

Alison Johnson
3415 Ray Rd.
Grand Blanc, MI 48439-9321

Amanda Lewis
7700 Sheridan Rd.
Gaines, MI 48436

American Express
P.O. Box 3006
Newark, NJ 07103-0006

Ana Granite
4126 Holiday Dr.
Flint, MI 48507-3513

Attorney General
Law Building
525 Ottawa
Lansing, MI 48913-0001

Beth & Josh Bodetker
6365 Stonegate
Flint, MI 48532-2153

Blasius Countertops
8835 Van Cleve Rd.
Vassar, MI 48768-9016

Bob Strum
3325 Innsbrook Dr.
Rochester, MI 48309-1220

Brian Martin
12103 Duffield Rd.
Montrose, MI 48457-9703

Capital One
P.O. Box 71083
Charlotte, NC 28272-1083

Carmalita Lewis
2233 Mount Elliot
Flint, MI 48504-2876

David & Angela Phillipart
10075 Cedar Shores
White Lake, MI 48386-2823

Eric Tiffan
805 West Pennisula Ct.
Oxford, MI 48371

Ford Motor Credit
P.O. Box 650574
Dallas, TX 75265-0574

Gary Drinan
3915 Bald Eagle Lake Road
Holly, MI 48442-8270

(p)BK LAW OFFICE
2425 S LINDEN RD
STE C
FLINT MI 48532-5474

Home Depot USA, Inc.
2455 Paces Ferry Rd.
Atlanta, GA 30339-1834

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

John Baluci
3663 Loch  Bend Dr.
Commerce Township, MI 48382-4331

Kristee Mitchell
6333 McCandlish Rd.
Grand Blanc, MI 48439-9555

Lakeside Surfaces
3792 29th St. SE
Grand Rapids, MI 49512-1814

Laura Eyles
5172 Frankwill Ave
Clarkston, MI 48346-3718

Lease Direct
P.O. Box 41602
Philadelphia, PA 19101-1602

Lendr
670 N. Clark St., Ste. 200
Chicago, IL 60654-3736

Marty Johnson
9455 Pine Valley
Grand Blanc, MI 48439-2675

Mary Hogg
1180 E. Cohoctah Rd.
Linden, MI 48451

Melissa & Rick Smearman
13554 North Rd.
Fenton, MI 48430-3002

Mitch Homman CPA
6067 Corunna Rd.. Ste. 1
Flint, MI 48532-5327

```
Northstarr Builders, LLC          Patrick Jaloszynski          SBA
4188 Fenton Rd.                   5106 North Oak Rd.           409 3rd St. SW
Fenton, MI 48430                  Davison, MI 48423            Washington, DC 20416-0005


Sabin & Regina Blake              Sharon Lapham                Sheffield Financial
2475 Valley Oaks Circle           288 Triangle Lake Rd.        PO BOX 580229
Flint, MI 48532-5405              Howell, MI 48843-8952        Charlotte, NC 28258-0229


Shelter of Flint                  Susan Tons                   U.S. Attorney
924 Cedar St.                     3233 Briar Hill Rd.          Attn:  Civil Division
Flint, MI 48503-3620              Hartland, MI 48353           210 Federal Building
                                                               600 Church Street
                                                               Flint, MI 48502-1200

U.S. Trustee                      (p)WEBER & OLCESE  PLC        Wex Bank
211 West Fort Street              2653 INDUSTRIAL ROW DR        1 Hancock St.
Ste. 700                          TROY MI 48084-7038            Portland, ME 04101-4217
Detroit, MI 48226-3263
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
George E. Jacobs                  IRS-Special Procedures       (d)George E. Jacobs
Bankruptcy Law Offices            P.O.BOX 330500               Bankruptcy Law Offices
2425 S. Linden Rd.                Stop 15                      2425 S. Linden Road
Ste. C                            Detroit, MI 48232            Suite C
Flint, MI 48532                                                Flint, MI 48532

Weber & Olcese                    End of Label Matrix
P.O. Box 1330                     Mailable recipients    41
Birmingham, MI 48012              Bypassed recipients     0
                                  Total                  41
```