UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

In Re: Northstarr Builders, LLC         Case No. 24-32419
                                                               Chapter 11
                                                               Hon.     Applebaum

Debtor(s).
_____/

## PRE-STATUS CONFERENCE REPORT

NOW COMES, Northstarr Builders, LLC, the "Debtor"), by and through its counsel, George E. Jacobs and, pursuant to 11 U.S.C. § 1188(c) states:

1. On December 23, 2024 (the "Petition Date") the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").

2. The Debtor continues to manage and operate its business as debtor-in- possession pursuant to § 1184 of the Bankruptcy Code.

3. Kimberly Clayson has been appointed Subchapter V Trustee in this case.

4. Marty Johnson is the responsible person for the Debtor.

5. Since the Petition Date, the Debtor, Jill Gies of the United States Trustee's office and the Sub Chapter V Trustee have worked to address the concerns of the United States Trustee and the Subchapter V Trustee and this Court.

6. The Debtor is a Michigan Limited Liability Company in good standing. It operates a small construction and remodeling business in Burton, Michigan. The Debtor is operated by the sole shareholder Marty Johnson. Post petition certain things have happened which have impacted the Debtor and inpact this plan:

   a. The Debtor filed its first day motions for use of cash collateral and for the payment of wages. These motions have been aggressively litigated by the parties and cash collateral issue has been resolved.

   b. The Debtor has laid off more than half his work force and is concentrating on fewer jobs with more profit margin. In addition it is changing its bookkeeping and procedures.

These changes have resulted in profitability for the Debtor post petition.

7. With the restructure of certain debt and the elimination of unsecured debt together with the cost cutting measures now being implemented and to be implemented in the coming months, the Debtor believes it can file a confirmable plan.

The Debtor is cognizant that it has a tough road ahead but is committed to making this work.

8. The Debtor is in the process of formulating a Plan of Reorganization (the "<u>Plan</u>") which will be filed on or before March 24, 2025 (the plan deadline). The Debtor will continue to collaborate with the Subchapter V Trustee to address any issues that arise and to discuss the potential for obtaining a consensual Plan of Reorganization.

9. The Debtor expects the Plan to include one group and seven (7) classes.

   a) Administrative claims of the Subchapter V Trustee and Counsel for the Debtor (Group 1).

   b) The priority claims of the IRS/State of Michigan.

   c) The secured claim of FMCC.

   d) Secured claim of Sheffield Financial.

   e) The secured claim of the Small Business Administration.

   f) Unsecured creditors.

10. The Debtor remains hopeful that its efforts and those of the Subchapter V Trustee will lead to a consensual plan of reorganization with its creditors.

Respectfully submitted,

Dated: 1/29/25

/s/ George E. Jacobs
 George E. Jacobs (P36888)
 2425 Linden Rd., Ste. C
 Flint, MI 48532
 (810) 720-4333
 george@bklawoffice.com