THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

# MICHIGAN VEHICLE RETAIL INSTALLMENT CONTRACT

DATE: 10/05/2022

**Buyer (and Co-Buyer) Name and Address (Including County and Zip Code)**

NORTHSTARR BUILDERS LLC
17195 SILVERLAKE PKWY
Fenton, MI 48430-0000 GENESEE

N/A

**CREDITOR (Seller Name and Address)**

Lasco Ford, Inc.
2525 OWEN ROAD
FENTON, MI 48430

You, the Buyer (and Co-Buyer, if any), may buy the vehicle described in this contract for cash or on credit. The cash price is shown below as "Total Cash Price." The credit price is shown on page 2 as "Total Sale Price." By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract.

| New/Used | Mileage | Year and Make | Model | Vehicle Identification Number | Use For Which Purchased |
|---|---|---|---|---|---|
| Used | 31092 | 2019 Ford | Super Duty F-250 SRW | 1FT7W2B62KEG69483 | Personal use unless otherwise checked below ☒ Commercial ☐ Agricultural |

**The Annual Percentage Rate may be negotiated with the Seller. The Seller may assign this contract and may retain its right to receive a portion of the Finance Charge.**

## ITEMIZATION OF AMOUNT FINANCED

1. **Cash Price**
   - (a) Vehicle .................................................. $ 50,000.00
   - (b) Accessories and Installation ..................... $ N/A
   - (c) Documentary Fee .................................. $ 230.00
   - (d) Sales Tax .............................................. $ 3,015.24
   - (e)* to: AMERICAN AUTO GUARDIAN   for: Service Contract   $ 2,660.00
   - (f)* to: N/A   for: N/A   $ N/A
   - (g)* to: N/A   for: N/A   $ N/A
   - (h)* to: N/A   for: N/A   $ N/A
   - (i)* to: N/A   for: N/A   $ N/A
   - (j)* to: N/A   for: N/A   $ N/A
   - **Total Cash Price** ...................................... $ 55,905.24 **(1)**

2. **Down Payment**
   - Third Party Rebate Assigned to Creditor .......... $ N/A
   - Cash Down Payment ................................... $ 3,549.24
   - N/A ........................................................ $ N/A
   - Trade-In   N/A   $ N/A   $ N/A   $ N/A
     Year and Make    Gross Allowance    Amount Owing
   - **Total Down Payment** ................................. $ 3,549.24 **(2)**

3. **Unpaid Balance of Cash Price (1 minus 2)** ........ $ 52,356.00 **(3)**

4. **Amounts paid on your behalf***
   - To Insurance Companies for:
     - Credit Life Insurance ............................. $ N/A
     - Credit Disability Insurance .................... $ N/A
     - N/A ................................................. $ N/A
     - N/A ................................................. $ N/A
     - N/A ................................................. $ N/A
   - To N/A   for GAP Waiver ............................ $ N/A
   - To Public Officials (i) for license ($ 254.00 ), title ($ 10.00 ), & registration ($ 41.00 ), fees $ N/A ; (ii) for filing fees $ N/A ; (iii) for taxes (not in Cash Price) $ N/A   $ 305.00
   - To N/A   for N/A   $ N/A
   - To N/A   for N/A   $ N/A
   - To N/A   for N/A   $ N/A
   - To N/A   for N/A   $ N/A
   - To N/A   for N/A   $ N/A
   - To N/A   for N/A   $ N/A
   - To N/A   for N/A   $ N/A
   - To N/A   for N/A   $ N/A
   - To N/A   for N/A   $ N/A
   - **Total** ................................................... $ 305.00 **(4)**

5. **Amount Financed (3 plus 4)** ......................... $ 52,661.00 **(5)**

   * Seller may be retaining a portion of these amounts

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

- THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE  The cost of your credit as a yearly rate | FINANCE CHARGE  The dollar amount the credit will cost you | Amount Financed  The amount of credit provided to you or on your behalf | Total of Payments  The amount you will have paid when you have made all scheduled payments | Total Sale Price  The total cost of your purchase on credit, including your downpayment of $ 3,549.24 |
|---|---|---|---|---|
| 6.79 % | $ 9,580.00 | $ 52,661.00 | $ 62,241.00 | $ 65,790.24 |

**Ford Credit**

**Your Payment Schedule will be:**

| Number of Payments | Amount of Payments | When Payments are Due  Monthly unless otherwise checked  ☐ Semi-Annually   ☐ Annually |
|---|---|---|
| 60 | $ 1,037.35 | Starting: 11/04/2022 |
| | | |
| | | |

**Prepayment:** If you pay off your debt early, you will not have to pay a penalty.
**Late Payment:** You must pay a late charge on the portion of each payment received more than 10 days late of 5% of the late amount or $15.00, whichever is greater.
**Security Interest:** You are giving a security interest in the vehicle being purchased.
**Contract:** Please see this contract for additional information on security interest, nonpayment, default, the right to require repayment of your debt in full before the scheduled date, and prepayment penalty.

**COMMERCIAL USE CONTRACT LATE PAYMENT:** If you purchased the vehicle for commercial use, you must pay a late charge on the portion of each payment received more than 10 days late of 7.5 percent of the late amount or $50.00, whichever is less.

## BALLOON CONTRACT PROVISIONS

☐ Your last scheduled payment under this contract is a balloon payment.

**EXCESS WEAR, USE AND MILEAGE CHARGES**

If the box directly above is checked, this section, Paragraph B, and Paragraph C of this contract apply. You may be charged for excessive wear based upon our standards for normal use. If you exercise the option to transfer ownership of the vehicle to Creditor under Paragraph B, you must pay the Creditor $0. N/A per mile for each mile in excess of ____N/A____ miles shown on the odometer.

**Anti-Theft Product (Optional)**

The purchase of anti-theft product(s) is optional and not required to obtain credit, even if the product(s) is already installed on the vehicle you selected. You may purchase anti-theft product(s) from the person of your choice. By signing below, you agree to purchase the anti-theft product(s) at the price disclosed.

| ____N/A____ | $ ____N/A____ | Term ____N/A____ |
| ____N/A____ | $ ____N/A____ | Term ____N/A____ |
| ____N/A____ | $ ____N/A____ | Term ____N/A____ |

**A** _____N/A_____
Buyer Signs

**Debt Cancellation Waiver Addendum (Optional)**

Purchase of the debt cancellation waiver is optional and is not required to obtain credit. The terms and conditions of the debt cancellation waiver are set forth in the attached Addendum which is incorporated into this contract. By signing below you agree to purchase debt cancellation waiver for the price set forth on this contract in the Itemization of Amount Financed under section 4.

**B** _____N/A_____
Buyer Signs

- THIS CUSTOMER COMPLETED COPY WAS CREATED ON 10/05/2022 08:04:04 PM GMT
TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

## INSURANCE

**YOU ARE REQUIRED TO INSURE THE VEHICLE. YOU MAY OBTAIN VEHICLE INSURANCE FROM A PERSON OF YOUR CHOICE.**
**CREDIT LIFE, CREDIT DISABILITY AND OTHER OPTIONAL INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE PREMIUM.**

**Credit Life**

| Insurance Company | Premium | Insured(s) |
|---|---|---|
| N/A | $ N/A | N/A |

You/We want Credit Life Insurance.

| Buyer Signs | Co-Buyer Signs |
|---|---|
| C   N/A | C   N/A |

**Credit Disability**

| Insurance Company | Premium | Insured(s) |
|---|---|---|
| N/A | $ N/A | N/A |

You/We want Credit Disability Insurance.

| Buyer Signs | Co-Buyer Signs |
|---|---|
| D   N/A | D   N/A |

**Other Optional Insurance**

| Coverage | Insurance Company | Premium | Term in Months |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
| N/A | N/A | N/A | N/A |
| N/A | N/A | N/A | N/A |

You/We want the optional insurance for which premiums are included above.

| Buyer Signs | Co-Buyer Signs |
|---|---|
| N/A | N/A |

**Credit Life and Credit Disability insurance are for the term of the contract. The amount and coverages are shown in a notice or agreement given to you today.**

## ADDITIONAL AGREEMENTS

**A. Payments:** You must make all payments in U.S. funds when they are due. You may prepay your debt at any time without penalty. This is a simple finance charge contract. The actual finance charge you agree to pay will depend on your payment patterns. The actual finance charge may exceed the disclosed Finance Charge if you make your payments later than the scheduled dates or in less than the scheduled amount. Your payment will be applied in any order we choose to the earned and unpaid part of the Finance Charge, to the unpaid Amount Financed, and to other amounts you may owe under this contract. The Finance Charge is earned by applying the Annual Percentage Rate to the unpaid Amount Financed for the actual time that the unpaid Amount Financed is outstanding.

**B. Balloon Payment Contracts:** If your last scheduled payment under this contract is a balloon payment as indicated on Page 1 of this contract, you have three options to handle the balloon payment.

First, you may pay all that you owe, and keep your motor vehicle.

Second, you may refinance all that you owe unless you are in default under this contract. If the Creditor has advanced funds to cure any default, you must pay back the Creditor before the refinancing. You also must provide proof of insurance acceptable to Creditor before the refinancing. The Annual Percentage Rate (APR) for the refinancing will be the lower of the APR contained in this contract or the maximum APR permitted by law. Your refinanced monthly payment will be the same as in this contract if the refinanced amount will be fully paid in **36** months or less. Otherwise, your monthly payment will be the amount needed to fully pay the refinanced amount in **36** months. If you wish to refinance, you must notify the Creditor in writing no later than 30 days prior to the balloon payment due date.

Third, you may transfer ownership of the vehicle to the Creditor, and an amount equal to your originally scheduled balloon payment will be applied toward the satisfaction of all that you owe. Creditor will add a $475 Disposal Fee to the amount that you owe and, if applicable, will add any excess mileage charges (as described on Page 1 of this contract) and any estimated costs of vehicle repairs that are the result of excess wear and use (as described in Paragraph C). If the amount of your originally scheduled balloon payment does not satisfy all that you owe, you will pay the difference. You must take the vehicle to a place selected by the Creditor for inspection no later than 15 days prior to the balloon payment due date. After the inspection, if you decide to transfer ownership of the vehicle to the Creditor, you must give the vehicle to the Creditor no later than the balloon payment due date. At that time, you must provide the Creditor a title, which shows no liens other than the Creditor's lien, transferring ownership to the Creditor or a person selected by the Creditor. You must also provide other documents as needed. If you decide not to transfer ownership of the vehicle after inspection, you must immediately inform the Creditor if you want to refinance under the second option above.

**C. Damage Repair:** If your last scheduled payment under this contract is a balloon payment and you transfer ownership of the vehicle to the Creditor under Paragraph B, you are responsible for all repairs to the vehicle that are not the result of normal wear and use. These repairs include, but are not limited to those necessary to repair or replace: (a) tires that have sidewall damage/plugs, exposed cords/belts, or are unmatched for vehicle or unsafe; (b) electrical or mechanical defects or malfunctions; (c) glass, paint, body panels, trim and grill work that are broken, mismatched, chipped, scratched, pitted, cracked, or if applicable, dented; (d) interior rips, stains, burns or damaged areas; (e) replacement of any missing equipment or parts that were in or on the vehicle when delivered; and (f) all damage which would be covered by collision or comprehensive insurance whether or not such insurance is actually in force. Replacement of sheet metal and all other repairs must be made with Original Equipment Manufacturer parts. Your use or repair of the vehicle must not invalidate any warranty. You will owe the estimated costs of such repairs unless repairs are made at your expense prior to the transfer of ownership of the vehicle to the Creditor. You will maintain the odometer of the vehicle so that it always reflects the vehicle's actual mileage. If the odometer is at any time inoperative, you will provide reasonable evidence of the vehicle's actual mileage. If you are unable to do so, you will pay us our estimate of any reduction of the vehicle's wholesale value caused by the inability to determine the vehicle's actual mileage.

**D. Security Interest:** You give the creditor a security interest in:
1. The vehicle and all parts or other goods put on the vehicle;
2. All money or goods received for the vehicle; and
3. All insurance premiums and service contracts financed for you.

This secures payment of all amounts you owe under this contract. It also secures your other agreements in this contract.

**E. Use of Vehicle - Warranties:** You must take care of the vehicle and obey all laws in using it. You may not sell or rent the vehicle, and you must keep it free from the claims of others. You will not use or permit the use of the vehicle outside of the United States, except for up to 30 days in Canada or Mexico, without the prior written consent of the Creditor. **If the vehicle is of a type normally used for personal use and the Creditor, or the vehicle's manufacturer, extends a written warranty or service contract covering the vehicle within 90 days from the date of this contract, you get implied warranties of merchantability and fitness for a particular purpose covering the vehicle. Otherwise, you understand and agree that there are no such implied warranties, except as otherwise provided by law.**

**F. Vehicle Insurance:** You must insure the vehicle against loss or damage from collision, fire or theft. You must name Creditor as the loss payee under the insurance policy. The Creditor must approve the type and amount of insurance. **If the vehicle is lost, damaged or destroyed, you must pay the Creditor what is still owed.**

You agree that the Creditor can make a claim under the insurance policy. You authorize the insurance company to provide Creditor any information Creditor believes necessary to make a claim. You must use insurance proceeds to repair the vehicle, unless the damage to the vehicle is considered a total loss. If the damage to the vehicle is considered a total loss, you must use the insurance proceeds to pay what you owe the Creditor. If your insurance on the vehicle doesn't pay all you owe, you must pay what is still owed.

**G. Returned Insurance Premiums and Service Contract Charges:** This contract may contain charges for insurance, service contracts, or other contracts. You agree that the Creditor can claim benefits under these contracts and unless prohibited by law, terminate them to obtain refunds of unearned charges to reduce what you owe. If the Creditor gets a refund on insurance, service contracts, or other contracts, the Creditor will subtract it from what you owe. Once all amounts owed under this contract are paid, any remaining refunds will be paid to you.

**H. Default:** You will be in default if:
1. You do not make a payment when it is due; or
2. You gave false or misleading information on your credit application relating to this contract; or
3. Your vehicle is seized by any local, state, or federal authority and is not promptly and unconditionally returned to you; or
4. You file a bankruptcy petition or one is filed against you; or
5. You do not keep any other promise in this contract.

If you default, Creditor can exercise Creditor's rights under this contract and Creditor's other rights under the law.

**I. Repossession:** If you default, the Creditor may require you to pay at once the unpaid Amount Financed, the earned and unpaid part of the Finance Charge and all other amounts due under this contract. Creditor may repossess (take back) the vehicle, too. Creditor may also take goods found in the vehicle when repossessed and hold them for you.

**J. Your Right to Redeem:** If the vehicle is taken back, you will not have the right to reinstate this contract unless the Creditor agrees. Creditor will send you a notice. The notice will say that you may redeem (buy back) the vehicle, and will explain how to redeem the vehicle. You may redeem the vehicle up to the time the Creditor sells it or agrees to sell it. If you do not redeem the vehicle, it will be sold.

**K. Disposition of Motor Vehicle:** If the vehicle is taken back and sold, the money from the sale, less allowed expenses, will be used to pay the amount still owed on the contract. Allowed expenses include those paid as a direct result of having to retake the vehicle, hold it, prepare it for sale, and sell it. Reasonable lawyer's fees and legal costs are allowed, too. If there is any money left (surplus), it will be paid to you. If the money from the sale is not enough to pay off this contract and costs, you will pay what is still owed to the Creditor. If you do not pay this amount when the Creditor asks, the Creditor may charge you interest at the highest lawful rate until you pay.

**L. Collection Costs:** Except as otherwise provided by law, you must pay any and all expenses related to enforcing this contract, including collection expenses, lawyers' fees and other legal expenses.

**M. Consumer Reports:** You authorize the Assignee to obtain consumer credit reports from consumer reporting agencies (credit bureaus) for any reason and at any time in connection with this contract.

**N. Servicing and Collection:** You agree that Creditor, Creditor's affiliates, agents and service providers may monitor and record telephone calls regarding your account to assure the quality of our service or for other reasons. You also expressly consent and agree that Creditor, Creditor's affiliates, agents and service providers may use written, electronic or verbal means to contact you. This consent includes, but is not limited to, contact by manual calling methods, prerecorded or artificial voice messages, text messages, emails and/or automatic telephone dialing systems. You agree that Creditor, Creditor's affiliates, agents and service providers may use any email address or any telephone number you provide, now or in the future, including a number for a cellular phone or other wireless device, regardless of whether you incur charges as a result.

**O. Applicable Law:** You agree that this contract will be governed by the laws of the state of Michigan.

**P. General:** This contract contains the entire agreement between Creditor and you relating to the sale and financing of the motor vehicle. If any part of this contract is not valid, all other parts stay valid. If Creditor doesn't enforce Creditor's rights every time, Creditor can still enforce them later. Creditor will exercise all of Creditor's rights in a lawful way.

Buyer acknowledges and accepts assignment of this contract to the Assignee (and any successor to Assignee). Buyer also consents to any subsequent assignment of this contract, and accepts this provision as notice of any such assignment, by Assignee or anyone else without further notice to Buyer. This consent and notice specifically includes any assignment of the security interest in the vehicle financed pursuant to this contract.

**Q. Electronic Records and Signatures and Conversion to Paper:** You agree to use electronic records and electronic signatures to document this contract. Your electronic signatures will have the same effect as signatures on a paper contract.

There will be one authoritative copy of this contract. It will be the electronic copy in a document management system the Creditor designates for storing it.

The Creditor may convert that authoritative copy to a paper original. The Creditor will do so by printing one paper copy marked "Original." This paper original will have your electronic signature on it. It will have the same effect as if you had signed it originally on paper.

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

## FTC NOTICES

**NOTICE - ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.***

**Used Motor Vehicle Buyers Guide.** If you are buying a used vehicle with this contract, federal regulations may require a special Buyers Guide to be displayed on the window of the vehicle.
**THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**
**Spanish Translation: Guia para compradors de vehiculos usados. LA INFORMACION QUE APARECE EN LA VENTANILLA DE ESTE VEHICULO FORMA PARTE DE ESTE CONTRATO. LA INFORMACION CONTENIDA EN EL FORMULARIO DE LA VENTANILLA ANULA CUALQUIER PREVISION QUE ESTABLEZCA LO CONTRARIO Y QUE APAREZCA EN EL CONTRATO DE VENTA.**

*Does not apply if purchased for commercial or agricultural use. In that case, you (debtor) will not assert against any assignee or subsequent holder of this Contract any claims, defenses, or setoffs which you may have against the Seller or manufacturer of the vehicle.

## GUARANTY

To cause the Seller to sell the vehicle described in this contract to the Buyer on credit, the person who signs below as a "Guarantor" guarantees the payment of this contract. This means that if the Buyer fails to pay any money that is owed on this contract, the person who signs as a guarantor will pay it when asked. The Guarantor who signs below agrees to be liable for the whole amount owed. The Guarantor also agrees to be liable even if the Creditor does one or more of the following: (a) gives the Buyer more time to pay one or more payments or (b) releases any security. The Guarantor will receive a completed paper copy of this contract and this Guaranty at the time of electronically signing.

Guarantor _____ MARTY JOHNSON _____

Address _____ 9455 PINE VALLEY DR Grand Blanc, MI 48439-2675 GENESEE _____

Guarantor Signs **E** _____ *MARTY JOHNSON* _____

- THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

## READ THIS ARBITRATION PROVISION CAREFULLY AND IN ITS ENTIRETY
## ARBITRATION

Arbitration is a method of resolving any claim, dispute, or controversy (collectively, a "Claim") without filing a lawsuit in court. Either you or Creditor ("us" or "we") (each, a "Party") may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration. Neither party waives the right to arbitrate by first filing suit in a court of law. Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope, or validity of this provision, or arbitrability of any issue except for class certification; 3) Claims between you and us, your/our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract.

**RIGHTS YOU AND WE AGREE TO GIVE UP**
If either you or we choose to arbitrate a Claim, then you and we agree to waive the following rights:

- **RIGHT TO A TRIAL, WHETHER BY A JUDGE OR JURY**
- **RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY CLASS CLAIM YOU MAY HAVE AGAINST US WHETHER IN COURT OR IN ARBITRATION**
- **BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT**
- **RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR**
- **OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT**

**RIGHTS YOU AND WE DO NOT GIVE UP:** If a Claim is arbitrated, you and we will continue to have the following rights, without waiving this arbitration provision as to any Claim: 1) Right to file bankruptcy in court; 2) Right to enforce the security interest in the vehicle, whether by repossession or through a court of law; 3) Right to take legal action to enforce the arbitrator's decision; 4) Right to request that a court of law review whether the arbitrator exceeded its authority; and (5) Right to seek remedies in small claims court for disputes or claims within that court's jurisdiction.

You or we may choose the American Arbitration Association, (www.adr.org), or any other organization subject to our approval, to conduct the arbitration. The applicable rules (the "Rules") may be obtained from the selected organization. If there is a conflict between the Rules and this contract, this contract shall govern. This contract is subject to the Federal Arbitration Act (9 U.S.C. § 1 et seq.). The arbitration decision shall be in writing with a supporting opinion. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. To the extent that the total of your filing, administration, service or case management fee and your arbitrator or hearing fee exceeds $200, we will pay the amount in excess of $200, unless you choose to pay one-half of the total or unless the fees are reallocated in the award under applicable law or the organization's rules.

Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. Any portion of this arbitration provision that is unenforceable shall be severed, and the remaining provisions shall be enforced. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this arbitration provision shall be unenforceable. The validity and scope of the waiver of class action rights shall be decided by the court and not by the arbitrator.

THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

Any change in this contract must be in writing and signed by you and the Creditor.

Buyer Signs **F** *Marty Johnson*  Co-Buyer Signs **F** N/A

**YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO BE BOUND BY THE ARBITRATION PROVISION IN THIS CONTRACT.**

The Annual Percentage Rate may be negotiated with the Seller. The Seller may assign this contract and may retain its right to receive a portion of the Finance Charge.

Warning: The insurance afforded hereunder does not cover liability for injury to persons or damage to property of others unless so indicated hereon.

### NOTICE TO BUYER

Do not sign this contract in blank. You are entitled to 1 true copy of the contract you sign without charge. Keep it to protect your legal rights.

**G** *Marty Johnson*   **G** N/A
Buyer Signs MARTY JOHNSON - OWNER   Co-Buyer Signs

Buyer (and Co-Buyer) acknowledge that (i) <u>before electronically signing this contract</u>, Buyer (and Co-Buyer) received and reviewed a true and completely filled in paper copy of this contract and (ii) <u>at the time of electronically signing this contract</u>, Buyer (and Co-Buyer) received a true and completely filled in paper copy of this contract.

**H** *Marty Johnson*   **H** N/A
Buyer Signs   Co-Buyer Signs

Seller ___Lasco Ford, Inc.___ By **I** *MICHAEL BAILEY* Title F&I MGR

**THIS CONTRACT IS NOT VALID UNTIL YOU AND SELLER SIGN IT.**

### ASSIGNMENT

Seller will assign this contract electronically to Ford Motor Credit Company LLC ("Assignee"), whose address is One American Road, Dearborn, Michigan 48126. You are required to make all payments to the Assignee. That Assignee will then have all the Seller's rights, privileges, and remedies.

Seller ___Lasco Ford, Inc.___ By **J** *MICHAEL BAILEY* Title F&I MGR

TRUE AND ACCURATE COMPLETED COPY - UCC NON-AUTHORITATIVE COPY

EXHIBIT B

 **TitleExplorer**

FORD MOTOR CREDIT COMPANY    Search ▾    User Administration ▾        ❓ Help (/Home/Index)    ⤴ Logout (/Account/Logout)

# Title Details - 1FT7W2B62KEG69483

Back

### Title Information ▲

| | | |
|---|---|---|
| Account No: | Batch No: | E |
| Customer: NORTHSTARR BUILDERS LLC & MARTY PAUL | Title Number: MI0015098791 | Electronic Title |
| VIN: 1FT7W2B62KEG69483 | PA Lien Date: | |
| Issue State: MI | Title Status: DISPOSITION PERFECT | |

### Discrepant Information ▲

| | |
|---|---|
| Owners: | NORTHSTARR BUILDERS LLC |
| | NORTHSTARR BUILDERS LLC & MARTY PAUL |
| Co-Owners: | |
| | JOHNSON |
| Lienholder: | FMCC ELT |
| | |
| | FORD MOTOR CREDIT |
| VIN: | 1FT7W2B62KEG69483 |
| | 1FT7W2B62KEG69483 |
| Vehicle Year: | 2019 |
| | 2019 |

User Information ⌃

Corrected By:                Manual By:                     Dispositioned By:
                                                            FCGBCRB

Back

© 2024 - Secure Title Administration, Inc.

EXHIBIT C

# N.A.D.A. Official Used Car Guide
# Vehicle Valuation

Print Date: April 28, 2025

---

Vehicle Description: 2019 Ford F-250 Super Duty Crew Cab XL 4WD 6.2L V8
VIN: 1FT7W2B62KEG69483

**Base Values**

| | |
|---|---|
| Retail: $ 31550.00 | Wholesale/Trade-in: $ 26225.00 |

**Optional Equipment/Adjustments**

| | |
|---|---|
| Estimated Miles: 77500 | $ 0.00 |

**Total Adjusted N.A.D.A. Used Car Guide Values**

| | |
|---|---|
| Retail: $ 31550.00 | Retail/Wholesale Average: $ 28887.50 |

Reference 12/2024 Central